**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**In re: BAYCOL PRODUCTS LITIGATION** **MDL No. 1431 (MJD/JGL)**

**This Document Relates to:**

**Walter Broom v. Bayer Corporation** **Civil No. 02-126**

---

M. Shane Lucado, for and on behalf of Plaintiff.

Peter W. Sipkins, Dorsey & Whitney LLP for and on behalf of Bayer Corporation..

---

This matter is before the Court upon Plaintiff's Motion to Dismiss Without Prejudice. Plaintiff states that he has decided not to pursue this action due to "personal reasons." (Pl. Mot. Dismiss at 1.) Defendant argues that the dismissal should be with prejudice since this case is an "'Eligible' Program case pursuant to PTO 89," and that case specific discovery is nearly complete in this case. (Def. Opp. Mot. Dismiss at 1.)

PTO 89 provides that eligible program cases are those which the PSC determines warrant discovery for the purposes of trial. All cases determined not to be program cases are to be dismissed "unless a plaintiff establishes just cause for the continuation of a case." (PTO 89 ¶ 2.) At the October 2003 Status Conference, the Court heard oral argument on the issue of whether PTO 89 dismissals should be with or without prejudice. During that discussion, Ron Goldser, an attorney for the Plaintiffs' Steering Committee ("PSC") in this case, stated the following:

> Now, I can see that now or two days from now would be a good dividing line where the withdrawal of a case from the trial list should be dismissed with prejudice because significant time is about to be expended on these cases as we get them ready for trial, depositions of plaintiffs, depositions of doctors, case specific expert reports.
>
> And costs will mount on these cases, but to date they haven't so there's no harm, no foul[.]
>
> . . .
>
> I respectfully request that dismissals that have occurred up until now be without prejudice and that dismissals that occur after we get started on this program be with prejudice.

(Tr. Oct. 9, 2003 Status Conf. at 92.) At the same status conference, the Court declared that PTO 89 matters will be "dismissed with prejudice unless good cause is shown why they should not be dismissed with prejudice." (Id. at 115.)

In this case, Plaintiff has not provided good cause for why his case should not be dismissed with prejudice. Furthermore, Plaintiff does not contest Bayer's statement that discovery is nearly complete in this case. As early as October 2003, the PSC recognized that once substantial resources were expended on case specific discovery, dismissal with prejudice is appropriate.

Accordingly, **IT IS HEREBY ORDERED** :

(1) Plaintiff's Motion is Dismiss Without Prejudice [Doc. No. 19] is **GRANTED IN PART** and **DENIED IN PART**;

(2) The Motion is **GRANTED AS TO DISMISSAL**, and **DENIED AS TO DISMISSAL WITHOUT PREJUDICE**; and

(3) This case is **DISMISSED WITH PREJUDICE**.

Date: August 9, 2004

s/Michael J. Davis
Michael J. Davis
United States District Court

Civil No. 02-126